WO                                                                                                                          MGD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Edward Lee Jones, Jr.,

    Plaintiff,

v.

GEO Group, et al.,

    Defendants.

No. CV 18-01972-PHX-MTL (JZB)

**ORDER**

Plaintiff Edward Lee Jones, Jr., who is currently confined in the Arizona State Prison Complex-Eyman, brought this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant Mattson's Motion to Dismiss Plaintiff's individual-capacity claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Doc. 101). Plaintiff was informed of his rights and obligations to respond (Doc. 105), and he opposes the Motion (Doc. 116).

The Court will grant the Motion to Dismiss.

**I.     Background**

On screening of Plaintiff's First Amended Complaint (FAC) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated First Amendment free speech, First Amendment free exercise, and RLUIPA claims in Counts One, Two, Three, Four, Five, Six, Seven and Eight, and Fourteenth Amendment due process claims in Counts Four, Five, Six, and Eight. (Docs. 18, 63.)[1] The Court directed Defendant Ryan to answer Count One

---

[1] Because Counts One through Six and Eight in Plaintiff's FAC were identical to

in his official capacity; Defendant McWilliams to answer Count Two in his individual and official capacities; Defendant Lauchner to answer Count Three in his individual and official capacities; Defendant Slade to answer Count Four in his individual capacity; Defendant Olson to answer Count Five in his individual capacity; Defendant Reese to answer Count Six in his individual capacity; Defendant Miller to answer Count Seven in her individual capacity; and Defendant Mattson to answer Count Eight in his individual capacity. (Doc. 63 at 6.)

In an Order dated June 18, 2019, the Court granted Defendants McWilliams, Slade, Olson and Reese's Motion to Dismiss the individual-capacity RLUIPA claims against them. (Doc. 78.) The Court determined that existing Ninth Circuit law did not authorize RLUIPA suits for damages against state officials in their individual capacities.[2] (*Id*. at 4.) At the time that Order issued, Defendant Mattson had not yet been served. (*See id*. n.4.)

**II.     Motion to Dismiss**

Defendant Mattson argues that the Court's earlier determination that Plaintiff cannot maintain a RLUIPA claim against Defendants in their individual capacities applies equally to Defendant Mattson as the law of the case. (Doc. 101 at 1.)

Plaintiff's Response does not address why the Court's previous decision does not apply to the individual-capacity RLUIPA claim against Defendant Mattson. (*See* Doc. 116.) Plaintiff again raises the Commerce Clause argument that he raised in his prior response to Defendants' Motion to Dismiss, but the Court has already addressed that argument. (*See* Doc. 78 at 4 n.5 and Doc. 84 at 3.)

Therefore, for the reasons the Court dismissed the individual-capacity RLUIPA claims against Defendants McWilliams, Slade, Olson and Reese (Doc. 78), the Court will grant Defendant Mattson's Motion to Dismiss and dismiss the individual-capacity RLUIPA claim against Mattson.

---

those same Counts in Plaintiff's original Complaint, the Court, while screening the FAC, adopted the analysis of the prior screening Order for Counts One through Six and Eight. (Doc. 63 at 4.)

[2] The Court denied Plaintiff's Motion for Reconsideration of that Order. (Doc. 84.)

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant Mattson's Motion to Dismiss (Doc. 101).

(2) Defendant Mattson's Motion to Dismiss (Doc. 101) is **granted**. The individual-capacity RLUIPA claim in Count Eight against Defendant Mattson is **dismissed**.

Dated this 17th day of April, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge